UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SANCHEZ MARTIN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26-CV-196-JD-JEM |

OPINION AND ORDER

Sanchez Martin, a prisoner without a lawyer, filed a habeas petition challenging the disciplinary decision (WCC-26-12-8521) at the Westville Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of assaulting staff in violation of Indiana Department of Correction Offense 117. Following a hearing, he was sanctioned with a loss of ninety days earned credit time.

Before addressing the merits of the claims, the court will first resolve the pending motions in this case. The Warden filed a motion to file evidence *ex parte* and under seal. ECF 13. The subjects of this motion are surveillance recordings and a body camera recordings that relate to the claims raised in the habeas petition. The court agrees that this evidence contains sensitive information and that disclosure could be harmful to other individuals or compromise the security of the facility. *See Piggie v. Cotton*, 344 F.3d 674, 679 (7th Cir. 2003); *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1078 (7th Cir. 1994); *Wells v. Israel*, 854 F.2d 995, 999-1000 (7th Cir. 1988). Therefore, this motion is granted.

The Warden also filed a motion to file under seal a copy of an email from a mental health professional in which she determined that the disciplinary offense was not related to Martin's mental health condition. ECF 11, ECF 12. The Warden characterizes this email as a confidential medical record. While the court appreciates the Warden's efforts to protect Martin's privacy rights, one need only know the outcome of the disciplinary hearing and understand mental health staff's role in the disciplinary process to discern the mental health determination in this case. ECF 10-4, ECF 10-9 at 23-24. Indeed, the disciplinary policy indicates that the mental health determination should be noted on the screening report (though it was not in this particular case). ECF 10-9 at 23-24. Given the very limited and readily discernable nature of the information contained in the email, the motion is denied, and the court will direct the clerk to unseal this email exhibit.

Martin filed a motion for leave to file additional evidence, which the court will grant by allowing the submitted exhibits to remain on the electronic docket. ECF 17. However, the court will not further consider these exhibits because they relate to Martin's sanction of disciplinary segregation, which he may not challenge in this habeas proceeding. *See Moran v. Sondalle*, 218 F.3d 647, 651 (7th Cir. 2000) ("State prisoners who want to raise a constitutional challenge to . . . administrative segregation . . . must instead employ § 1983 or another statute authorizing damages or injunctions—when the decision may be challenged at all."); *Jaske v. Hanks*, 27 Fed. Appx. 622, 623 (7th Cir. 2001) ("Because disciplinary segregation affects the severity rather than the duration of custody, Mr. Jaske's petition was improperly brought under § 2254.").

Martin also filed a motion seeking a ruling on the habeas petition, which the court denies as unnecessary and moot. ECF 20. Motions for rulings are generally unnecessary if an issue has been properly raised before the court because petitions and motions inherently seek rulings. Moreover, the court will now resolve the habeas petition on its own accord, rendering the motion for a ruling moot.

Turning to the merits, Martin argues that he is entitled to habeas relief because the administrative record lacks sufficient evidence to support a finding of guilt. He contends that the evidence shows only that he grabbed a correctional officer's utility belt to prevent himself from falling on his face.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report, by itself, is sufficient to satisfy the "some evidence" standard. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides "some evidence" for the CAB's decision.").

Departmental policy defines battery as "knowingly or intentionally touching another person in a rude, insolent, or angry manner." ECF 10-9 at 3. The administrative record includes a conduct report in which a correctional sergeant represented that Martin approached him as he entered the dormitory and complained about a missing

shower curtain. ECF 10-1. The correctional sergeant attempted to deescalate the situation, but Martin charged him while making threats. *Id.* When ordered to submit to handcuffs, Martin began to physically resist. *Id.* When the correctional sergeant attempted to step away, Martin approached him and grabbed his utility belt and waist. *Id.* The administrative record contains summaries of recordings from surveillance cameras and a body camera, and it also contains the recordings themselves, which the court has reviewed and found to be consistent with the summaries. ECF 10-5, ECF 16.

The conduct report and the video recordings constitute some evidence that Martin committed battery against staff by grabbing the correctional sergeant's utility belt after threatening him and physically resisting an order to submit to handcuffs. Though Martin represents that he grabbed the correctional sergeant's utility belt only to prevent himself from falling, there is no indication that he presented any evidence to support this narrative at the disciplinary hearing. Even if he had, the hearing officer would not have been required to credit it over his interpretation of the other evidence. Therefore, insufficiency of the evidence is not a basis for habeas relief.

Martin argues that he is entitled to habeas relief because correctional staff denied his request for a photograph of himself. He explains he needed this photograph to show that he was the victim of assault rather than the perpetrator. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well

as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.*

On the screening report, the screening officer wrote that Martin requests "photos of offender," and another correctional officer wrote, "What pictures?" ECF 10-2. It is unclear whether Martin phrased his request in this vague manner or whether his request was mistakenly transcribed and then misunderstood. In any event, the denial of the request amounted to harmless error. The fact that Martin may have been the victim of battery as defined by departmental policy or excessive force as contemplated by the Eighth Amendment does not meaningfully suggest that Martin did not also commit the disciplinary offense of battery. Those involved in a physical altercation are susceptible to being both the victims and perpetrators of crimes. Martin may be suggesting that he acted in self-defense, but he has no constitutional right "to raise self-defense as a complete defense in prison disciplinary proceedings." *Scruggs v. Jordan*, 485 F.3d 934, 938–39 (7th Cir. 2007); *Rowe v. DeBruyn*, 17 F.3d 1047, 1054 (7th Cir. 1994). Nor is he entitled to a right of self-defense under the departmental policy. ECF 10-9, ECF 10-10. Therefore, this claim is not a basis for habeas relief.

Martin also argues that he is entitled to habeas relief because he was issued a second conduct report for physical resistance based on the same interaction with the correctional sergeant. He contends that this violates his rights under the Double Jeopardy Clause. "[D]ouble jeopardy protections do not attach in prison disciplinary proceedings." *Portee v. Vannatta*, 105 F. App'x 855, 858 (7th Cir. 2004); *see also Decker v. Bell*, 772 F. App'x 339, 341 (7th Cir. 2019); *Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir.

1996). Further, upon review of the disciplinary policy with respect to the relevant offenses, the court finds that, even if these conduct reports amounted to criminal convictions, they would not have violated Martin's rights under the Double Jeopardy Clause. *See Blockburger v. United States*, 284 U.S. 299, 304 (1932) ("The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."); *U.S. v. Faulkner*, 793 F.3d 752, 758 (7th Cir. 2015) (same). Therefore, Martin's claim that his rights under the Double Jeopardy Clause were violated is not a basis for habeas relief.

Finally, Martin argues that he is entitled to habeas relief because correctional staff did not screen the conduct report or hold a hearing within the timeframes established by departmental policy. The issuance of a conduct report or holding a hearing within a particular timeframe is not listed among the requirements for procedural due process in prison disciplinary proceedings enumerated in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and the Supreme Court of the United States has indicated that the lower courts should not expand this list. *White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 324 (1976)). Additionally, the failure to follow departmental policy alone does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had

"no bearing on his right to due process"). Therefore, this claim is not a basis for habeas relief.

Because Martin has not asserted a valid claim for habeas relief, the habeas petition is denied. If Martin wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) GRANTS the motion for leave to file *ex parte* and under seal (ECF 13);

(2) DENIES the motion for leave to file under seal (ECF 11);

(3) DIRECTS the clerk to unseal the exhibit at ECF 12;

(4) GRANTS the motion to file evidence (ECF 17);

(5) DENIES the motion for a ruling (ECF 20);

(6) DENIES the habeas corpus petition (ECF 1);

(7) DIRECTS the clerk to enter judgment and close this case; and

(8) DENIES Sanchez Martin leave to proceed *in forma pauperis* on appeal.

SO ORDERED on August 13, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT